UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF LOUISIANA

WILLIAM NOEL, III                                        CIVIL ACTION

V.                                                       NO. 15-2411

FREEPORT-MCMORAN
OIL & GAS, LLC, ET AL.                                   SECTION "F"

                              ORDER AND REASONS

    Before the Court is the defendant's motion for summary judgment.

    Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed no later than eight days before the noticed submission date.  No memorandum in opposition to defendant's motion for summary judgment, noticed for submission on February 8, 2017, has been filed.

                                     I.

    This is a slip and fall case that occurred while the plaintiff worked on the MARLIN TLP operated by the defendant, Freeport. The MARLIN TLP is located on the Outer Continental Shelf adjacent to the State of Alabama. Given the location of the platform, the defendant urges that Alabama state law applies. In support, the defendant cites Danos & Curole Marine Contractors, Inc. v. BP America Production Co., 61 F. Supp. 3d 679 (S.D. Tex. Nov. 19, 2014). The court in Danos determined what law applies to the same MARLIN TLP platform applying the Fifth Circuit's factors to decide

                                     1

which state is "adjacent" for tort law purposes under OCSLA. See Snyder Oil Corp. v. Samedan Oil Corp., 208 F.3d 521, 523-25 (5th Cir. 2000); Danos, 61 F. Supp. 3d at 687-92. The record reflects no objections to applying Alabama law, and the Court agrees with the finding in Danos. Accordingly, this Court must apply Alabama state law for the plaintiff's tort claim. Under Alabama state law, the contributory negligence of a plaintiff that proximately contributes to the plaintiff's injuries bars recovery. Brown v. Piggly-Wiggly Stores, 454 So. 2d 1370, 1372 (Ala. 1984).

The defendants urge that the plaintiff contributed to his injuries and thus his claim should be barred. The plaintiff was the executive steward in charge of food services on the platform. He was responsible for his safety and had an obligation to inspect his work areas and report unsafe conditions. On the day of the accident, he performed the inspection of the freezer before beginning to load it and did not identify any hazards.

At the time of the accident, the plaintiff worked to load the freezer for over an hour and half before his fall occurred. The plaintiff admits there was no condensation when the he began loading the freezer. He also admits that the condensation likely developed on the floor because he had the freezer door open while working. He was even warned by colleagues that the freezer could become slippery, but he did not take any precautions to enhance

his footing or stop working. Importantly, the plaintiff acknowledges that the condensation that led to his fall developed while he was working because he left the freezer door open. Therefore, his own conduct created the hazard that led to his accident.

Applying Alabama law, the plaintiff is barred from recovery under contributory negligence because the plaintiff contributed to creating the hazard that caused his accident. See id.

Summary judgment under Rule 56 is appropriate. The plaintiff's claims fail as a matter of law. There is no genuine issue of material fact as to whether Alabama law should apply or whether the plaintiff's negligence contributed to his accident.

## II.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit, IT IS ORDERED that the defendant's motion for summary judgment is GRANTED as unopposed. The case is hereby DISMISSED.

New Orleans, Louisiana, February 8, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE